IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON TUSCHAK,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 07-589 |

AMBROSE, Chief District Judge

## SYNOPSIS

Plaintiff was convicted of insurance fraud and filing false reports. Nevertheless, he sued his insurance company for breach of contract and bad faith when it failed to pay on his claim. The insurance company has moved for summary judgment on the basis that the Plaintiff's misrepresentation of a material fact (the cause of the loss) defeats both of his claims. I agree and grant summary judgment in favor of the insurance company.

## OPINION

Plaintiff Brandon Tuschak ("Tuschak") had both collision and comprehensive auto insurance coverage on his 2001 Volvo S40 with Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). In the early morning hours of December 24, 2005, on his way home from a night club, Tuschak crashed his Volvo into a dumpster. Though he had his cell phone, he did not call the police, a tow truck or his parents. Instead, he abandoned the car and walked home. When his mother woke him later that morning and inquired about the car,

1

Tuschak told her the car must have been stolen. He proceeded to report the car as stolen to the Pittsburgh Police and to State Farm.

The car was then recovered a few blocks from Tuschak's house. After State Farm began processing the claim and after several conversations with both police officers and State Farm agents, Tuschak ultimately confessed his lie to the police. Specifically, on January 4, 2006, Tuschak told Detective Smith that the car had not been stolen - that he had collided with the dumpster himself. Tuschak did not, however, himself inform anyone at State Farm of this at this time. According to Tuschak, Detective Smith explained that he would contact State Farm. Detective Smith did eventually contact State Farm on January 24, 2006. Tuschak himself did not inform anyone at State Farm that he had falsely reported that his car had been stolen until February 10, 2006.

Tuschak was prosecuted for insurance fraud and false reporting. On December 8, 2006, Tuschak entered into a plea agreement pursuant to which he was accepted into the Accelerated Rehabilitation Disposition ("ARD") program for a period of eighteen months. He was also ordered to pay State Farm restitution in the amount of $1,149.85. That amount represents payments State Farm made to Tuschak for taxes on the vehicle, for car rental charges and for towing expenses.

Tuschak then submitted a claim related to his damaged car. State Farm ultimately denied Tuschak's claim for coverage, citing the "Concealment and Fraud" condition of the policy. That provision states:

> There is no coverage under this policy if you or any other person insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

See Document No. [17], Ex. A, Admission IX. Tuschak thereafter filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania against State Farm. He asserts a claim for

breach of contract of insurance and a claim for breach of bad faith failure to pay under 42 Pa. C.S.A. § 837.

State Farm, which removed the case to this Court on the basis of diversity of citizenship, has filed a Motion for Summary Judgment. See Docket No. [15]. According to State Farm, Tuschak's initial fraud in reporting the cause of his accident justified its denial of his claim. Further, State Farm insists, given Tuschak's undisputed material misrepresentations, it had a reasonable basis to deny his claim. Accordingly, State Farm reasons, summary judgment should be granted. I agree.

## Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to

3

carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

*Analysis*

A. Breach of Contract

Tuschak contends that State Farm breached its contractual duties by denying his claim of loss for the Volvo. State Farm moves for summary judgment on the ground that Tuschak committed an act of "concealment or fraud" under the policy and therefore it was entitled to deny the claim. As stated above, Tuschak's concealment and fraud provision provides for the denial of coverage if he makes false statements with an intent to conceal or misrepresent "any material fact or circumstance in connection with any claim" under the policy. See Docket No. [17.2], Ex. E. Tuschak has admitted that he falsely claimed his Volvo had been stolen when in fact he had struck a dumpster while driving the vehicle. See Docket No. [17.2], Ex. A, p. 43, Ex. B, Admissions VI & VIII, Ex. C. The issue before me then is whether Tuschak's misrepresentation in this regard was "material."

As my colleague recently noted:

> The question of materiality is generally considered one of fact and law, but if the facts misrepresented are so obviously important that "reasonable minds cannot differ on the question of materiality," then the question becomes one of law that the court can decide at the summary judgment stage. Gould v. American-Hawaiian S.S. Co., 535 F.2d 761, 771 (3d Cir. 1976); See Fine v. Bellefonte Underwriters Ins. Co., 725 F.2d 179, 183 (2d Cir) (where statements are indisputably made and indisputably false, "the question seems purely one of law"), cert. denied, 469 U.S. 874, 105 S. Ct. 233, 83 L.Ed.2d 162 (1984). In the context of an insurer's post-loss investigation, "the materiality requirement is satisfied if the false statement concerns a subject relevant and germane to the insurer's investigation as it was then proceeding." Fine, 725 F.2d at 183; see Long v. Insurance Co. Of N. Am., 670 F.2d 930, 934 (10th Cir. 1982) ("a misrepresentation will be considered material if a reasonable insurance company, in determining its course of action, would attach importance to the fact misrepresented"). Parasco v. Pacific Indemnity Co., 920 F. Supp. 647, 654 (E.D.

4

Pa. 1996).

Zell v. Federal Insurance Co., Civ. No. 6-250, 2007 WL 1875803 at * 5-6 (W.D. Pa. June 27, 2007).

I find that the fact misrepresented was of such obvious importance that reasonable minds could not differ as to the question of materiality. Indeed, Tuschak's misrepresentation was as to the very cause of the loss. Clearly "a reasonable insurance company, in determining its course of action, would attach importance" to this fact. See Zell v. Federal Insurance Co., Civ. No. 6-250, 2007 WL 1875803 at * 5-6 (W.D. Pa. June 27, 2007), quoting, Long v. Insurance Co. Of N. Am., 670 F.2d 930, 934 (10th Cir. 1982). For approximately six weeks, State Farm investigated Tuschak's loss on the assumption that the car had been stolen. Lawrence Kletter, a claim representative for State Farm, testified that Tuschak's fraud denied State Farm the opportunity to correctly investigate the loss. See Docket No. [17-5], p. 35. For instance, State Farm was deprived of the opportunity to determine whether Tuschak was DUI or had been under the influence of controlled substances at the time of the loss. Id., p. 36. State Farm could have canceled the policy at that point if he had been. Id. State Farm was further prejudiced in that it could not timely determine whether someone else was in the car at the time and had been injured (there was blood in the car). Nor could State Farm determine whether there was any property damage to the dumpster. Id., p. 37. Kletter also testified that Tuschak's fraudulent misrepresentation caused State Farm to erroneously record data which is used to determine rates for State Farm customers. Rates are determined by statistics regarding collision and comprehensive losses. Tuschak's report of a comprehensive loss artificially inflated State Farm's statistics, and thus rates, in this regard. Id. State Farm's post-loss investigation was also impacted because State Farm incurred additional costs and work associated with coordinating ARD with the District Attorney's office, with returning the Volvo to

5

Tuschak and with being deprived of the opportunity to apply a surcharge to Tuschak's policy. Id., p. 37-39.[1] Kletter's testimony thus establishes without contradiction that Tuschak's deception was both relevant and germane to State Farm's investigation as it was then proceeding.

Significantly, Tuschak has not identified any case law suggesting that his misrepresentation was not material. Nor has he attempted to argue that the deception was not material to the investigation *as it was then proceeding*. Instead, Tuschak argues that because the amount of money State Farm would have paid under the comprehensive provision was identical to the amount of money State Farm would have paid under the collision provision, the fraud could not have been material. Yet, as stated above, "materiality" under the case law looks to the company's investigation *at that time*, not what is ultimately paid on the claim. See Peer v. Minnesota Mutual Fire & Casualty Co., 1995 WL 141899 at * 10 (E.D. Pa. March 27, 1995) (stating that "[a] misrepresentation is also material if [it] may be said to have been calculated to discourage, mislead or deflect the company's investigation in any area that might seem to the company, *at that time*, a relevant or productive area to investigate.") (emphasis added).

Tuschak also urges that summary judgment should be denied because State Farm has not established that it suffered any "prejudice" as a result of his misrepresentation. I disagree both with Tuschak's conclusion and with its underlying basis. The record is replete with Kletter's testimony (set forth above) indicating that State Farm did in fact suffer prejudice as a result of Tuschak's deception insofar as it was prevented from fully investigating the loss.

---

[1] Tuschak argues that State Farm could not have applied a surcharge in any event because the policy was not renewed in June of 2006. I reject this contention. Tuschak's policy was first renewed at the end of 2005. The incident occurred on December 24, 2005 and was reported to State Farm at that time. If Tuschak had been forthright about the cause of the loss, instead of concealing it, before the policy was renewed, State Farm could have applied the surcharge at that time.

6

Additionally, Tuschak has not identified any case law suggesting that State Farm need demonstrate "prejudice" when invoking a "concealment and fraud" clause. Indeed, as the Court noted in Millard v. Shelby Casualty Insurance Co., Civ. No., 3-1902, 2005 WL 2035860 at * 5 (E.D. Pa. Aug. 24, 2005) the issue of prejudice is not pertinent to a defense of concealment and fraud.

In sum, there is no dispute that Tuschak intentionally deceived State Farm. Further, the record contains uncontradicted evidence indicating that the deception was material to State Farm. "'In Pennsylvania, a violation of the fraud-and-concealment provision in an insurance policy results in a total avoidance of the policy and is a bar to the insured's recovery under the policy.'" Millard, 2005 WL 2035860 at * 5, quoting, Lavin v. Fireman's Ins. Co. Of Newark, N.J., Civ. No. 91-0114, 1002 WL 157691 at * 2 (E.D. Pa. June 29, 1992). Because State Farm established a violation of its fraud and concealment provision, it is entitled to summary judgment on Tuschak's breach of contract claim.

B. Bad Faith

Pennsylvania's bad faith claim against an insured is governed by 42 Pa. C.S.A. § 8371. The statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest in the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%. (2) Award punitive damages against the insurer. (3) Assess court costs and attorneys fees against the insurer.

42 Pa. C.S.A. § 8371. The statute does not itself define the term "bad faith." The Third Circuit court has predicted that the Pennsylvania Supreme Court would use the definition set forth by the Pennsylvania Superior Court in Terletsky v. Prudential Property and Casualty Ins. Co., 437 Pa. Super. 108, 649 A.2d 680, 688 (1984):

> "Bad faith" on part of insurer is any frivolous or unfounded refusal to pay

7

proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill-will; mere negligence or bad faith judgment is not bad faith.

See Northwestern Mutual Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 20050, citing, Keefe v. Prudential Property and Casualty Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000).

Thus, to prevail on his claim of bad faith, Tuschak must demonstrate, by clear and convincing evidence, that : (1) State Farm did not have a reasonable basis for denying benefits under the policy; and (2) that State Farm knew of or recklessly disregarded its lack of a reasonable basis in denying the claim. Northwestern, 430 F.3d at 137, citing, Keefe, 203 F.3d at 225. Tuschak's "burden in opposing a summary judgment motion brought by [State Farm] is 'commensurately high because the court must view the evidence presented in light of the substantive burden at trial.'" Northwestern, 430 F.3d at 137, quoting, Kosierowski v. Allstate Ins. Co., 51 F. Supp.2d 583, 588 (E.D. Pa. 1999).

Tuschak has not discharged this burden. State Farm had a reasonable basis for denying Tuschak's claim. Tuschak engaged in, indeed was convicted of, insurance fraud. He lied to State Farm about the very cause of the claim he submitted. His lies during the processing of the claim provided a contractual basis upon which State Farm could reasonably deny coverage. As previously stated, a reasonable basis for State Farm's position defeats a claim for bad faith. See Millard v. Shelby Casualty Insurance Co., Civ. No., 3-1902, 2005 WL 2035860 at * 7 (E.D. Pa. Aug. 24, 2005).

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDON TUSCHAK,

    Plaintiff,

vs.

Civil Action No. 07-589

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

AMBROSE, Chief District Judge

## ORDER OF COURT

AND NOW, this 14th day of July, 2008, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion for Summary Judgment (Docket No. [15]) is GRANTED. Summary judgment is entered in favor of the Defendant

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge